Tagged Opinion
(<u>Not</u> <u>For</u> <u>Publication</u>)

**ORDERED in the Southern District of Florida on** July 31, 2009

_____
Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 05-44854-BKC-LMI |
| PABLO CANOVAS, | Chapter 7 |
| Debtor. / | |
| MARCIA T. DUNN, Chapter 7 Trustee for the estate of Pablo Canovas, | Adv. Case No.: 06-01987-BKC-LMI-A |
| Plaintiff, | |
| v. | |
| SINESIO ORLANDO CUEVAS LEON, an individual, | |
| Defendant. / | |
| MICHAEL R. BAKST, Chapter 7 Trustee for the estate of Tania Quijano, | |
| Intervener, | |
| v. | |

Case No. 06-01987-BKC-LMI-A

MARCIA T. DUNN, Chapter 7 Trustee for the
estate of Pablo Canovas, and SINESIO
ORLANDO CUEVAS LEON, an individual,

        Defendants.
_____/

## ORDER SUSTAINING DEFENDANT'S CLAIM OF EXEMPTION FROM GARNISHMENT AND DENYING MOTION FOR GARNISHMENT AFTER JUDGMENT

This matter came before the Court for hearing on July 6, 2009, on the Motion for Garnishment After Judgment (DE #44), the Defendant's Claim of Exemption (DE #49), and the Plaintiff's Response (DE #52). For the reasons stated below, the Defendant's Claim of Exemption is sustained.

### Factual and Procedural Background

On October 10, 2006, Marcia T. Dunn, Chapter 7 Trustee for the Estate of Pablo Canovas commenced this adversary proceeding (DE #1) against the Defendant, Sinesio Orlando Cuevas Leon, seeking to avoid certain pre-petition transfers as preferences in the aggregate sum of $4,000. A Complaint and Summons were served on the Defendant on January 2, 2007 (DE #22). The Defendant failed to respond or file an answer to the Complaint, and a Clerk's Default (DE #28) was entered on January 11, 2007. On January 25, 2007, the Final Default Judgment (#31) (the "Judgment") was entered against the Defendant for $4,000 along with prejudgment interest. The Judgment was subsequently purchased by Mr. Stuart Kalb. As assignee of the Plaintiff, Mr. Kalb served a Writ of Garnishment (DE #45) on April 14, 2009 on the garnishee, Bank of America. On May 13, 2009, the Defendant filed a Claim of Exemption from Garnishment and Request for Hearing (DE #49), alleging that his wages in the account are exempt from

2

garnishment because he qualifies as the "head of family." Mr. Kalb responded to the Claim of Exemption by denying the Defendant's allegation in his Response (DE #52) dated May 15, 2009.

An evidentiary hearing was held on July 6, 2009, to determine the nature and extent of the Defendant's "head of family" exemption.[1] The Defendant conceded that he earns less income than his wife does. He stated that he did not consider himself to be the "head of family," but rather that he and his wife are dependent on each other. The Defendant also testified that the garnished bank account is a joint account. The Plaintiff's counsel acknowledged that the funds sought to be garnished were held in an account titled "Mr. Cuevas Leon or Mrs. Cuevas Leon."[2] It is undisputed that only the Defendant is liable for the Judgment.

## Discussion

Under Florida law, a creditor of a single spouse may not execute a judgment on a joint bank account held as tenants by the entirety. *See Sunshine Res., Inc. v. Simpson*, 763 So. 2d 1078, 1081-82 (4th DCA 1999); *Balding v. Fleisher*, 279 So. 2d 883, 884 (3d DCA 1973). "When a married couple holds property as a tenancy by the entireties, each spouse is said to hold it 'per tout,' meaning that each spouse holds the 'whole or the entirety, and not a share, moiety, or divisible part.'" *Beal Bank, SSB v. Almand & Assoc.*, 780 So. 2d 45, 53 (Fla. 2001) (quoting *Bailey v. Smith*, 103 So. 833, 834 (Fla. 1925)). Property held as a tenancy by the entirety possesses six characteristics:

    (1) unity of possession (joint ownership and control);
    (2) unity of interest (the interests in the account must be identical);
    (3) unity of title (the interests must have originated in the same instrument);
    (4) unity of time (the interests must have commenced simultaneously);
    (5) survivorship; and

---

[1] Under Florida Statute § 222.11, a debtor may exempt certain wages from garnishment if the debtor qualifies as the "head of family." The statute defines "head of family" as any natural person who is providing more than one-half of the support for a child or other dependent. Fla. Stat. § 222.11(1)(c).

[2] The Plaintiff's attorney proffered that he obtained the information regarding the Defendant's bank account based on the Answer to the Writ of Garnishment. This document does not appear on the docket.

3

(6) unity of marriage (the parties must be married at the time the property became titled in their joint names).

*Id.* at 52. "Whether the parties created a tenancy by the entireties – whether they were each taking the whole of the account – is a question of fact." *Sitomer v. Orlan*, 660 So. 2d 1111, 1115 (4th DCA 1995).

In *Beal Bank, SSB v. Almand & Associates*, the Florida Supreme Court receded from its prior opinions,[3] holding that strong policy considerations favor allowing a presumption in favor of tenancy by the entirety when a married couple jointly own personal property. 780 So. 2d at 57. The Court explained: "The time has come for us to recognize that more confusion and less predictability in the law exists because of our Court's failure to recognize a presumption in favor of a tenancy by the entireties arising from joint ownership of bank accounts by husband and wife." *Id.* at 58. The *Beal Bank* decision shifted the burden to the creditor to prove by a preponderance of the evidence that a tenancy by the entirety was ***not*** created. *Id.* at 58-59. This presumption will apply as long as the signature card of the account does not expressly disclaim the tenancy by the entirety form of ownership. *Id.* at 58.[4]

A presumption in favor of a tenancy by the entirety is applicable to the facts of this case where the Plaintiff seeks to garnish a joint bank account held by the Defendant and his wife. Moreover, the Plaintiff has not provided any evidence expressly disclaiming or contradicting the Defendant's tenancy by the entirety form of ownership. The only fact asserted by the Plaintiff is that the account is held in the names of Mr. Cuevas Leon "or" Mrs. Cuevas Leon. This

---

[3] Previously, the Florida Supreme Court required that the parties actually intend to create a tenancy by the entirety. *See First Nat'l Bank of Leesburg v. Hector Supply Co.*, 254 So. 2d 777, 781 (Fla. 1971) (holding that, absent an express designation to create a tenancy by the entirety, the intention to create the tenancy must be proven by the party asserting it).

[4] Several courts have limited the holding of *Beal Bank* to joint bank accounts, as opposed to all personal property. *See e.g. In re McAnany*, 294 B.R. 406, 408 (Bankr. M.D. Fla. 2003) (refusing to extend the presumption of tenancy by the entirety to $3,200.50 of jointly held household goods because the court in *Beal Bank* could have easily extended the presumption of tenancy by the entirety to all personal property but chose not to).

4

Case No. 06-01987-BKC-LMI-A

information is insufficient to rebut the presumption that the Defendant and his wife hold their bank account as tenants by the entirety. Under these facts, the Cuevas Leon's use of the conjunction "or," rather than "and," is not dispositive of the type of account that was created. *See First Nat'l Bank of Leesburg v. Hector Supply Co.*, 254 So. 2d 777, 781 (Fla. 1971). Accordingly, a creditor of the Defendant individually and not of the Defendant and his wife jointly may not garnish funds from the joint account because the entire account is held as a tenancy by the entirety.

Consequently, the Court does not need to reach the issue of whether the Defendant is entitled to an exemption from garnishment because he is the "head of family." The entire bank account is exempt from garnishment because it is held by Mr. Cuevas Leon and his wife as tenants by the entirety. Although this exemption was not raised by the Defendant, who is pro se, there is no question that the issue came up at the evidentiary hearing and the Plaintiff had an opportunity to cross-examine the Defendant on this issue.

## Conclusion

Based on the foregoing, it is ORDERED that the Defendant's Claim of Exemption from Garnishment (DE #49) is SUSTAINED, and the Motion for Garnishment After Judgment (DE #44) is DENIED.

### # #

Copies furnished to:
Michael I. Rose, Esq.
Sinesio Orlando Cuevas Leon, *pro se*

*The Clerk of Court is directed to serve a copy of this Order upon all parties in interest.*